JOHN PFEIFER, Defendant in Error, *vs.* THE EASTERN METAL WORKS, Plaintiff in Error.

*Opinion filed April 19, 1913.*

1. MASTER AND SERVANT—*when master is liable for injury from defective tool.* A master who furnishes a chisel manufactured by himself for his servant to use is liable to the servant for an injury resulting from a defect, if the servant had no notice that there was any defect in the chisel, which was new but which broke at the first attempt by the servant to use it.

2. EVIDENCE—*when expert testimony as to cause of breaking of chisel is proper.* A duly qualified expert may testify to the effect where metal is properly welded, and may give his opinion, from the appearance of a broken chisel, that the break was caused by the forging work thereon being improperly done.

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

MATTHEW J. HUSS, for plaintiff in error.

HENRY R. RATHBONE, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendant in error, John Pfeifer, sued the Eastern Metal Works, the plaintiff in error, in the superior court of Cook county, and on a trial before a jury obtained a verdict of $1500 for damages alleged to have been caused

by the negligence of plaintiff in error. Judgment was entered on this verdict, which was affirmed by the Appellate Court for the First District. The case is brought here on petition for *certiorari.*

The evidence shows that defendant in error had been employed by plaintiff in error for upwards of two years prior to May 29, 1908, as a helper in blacksmith and machinist work in its plant and afterwards in the same sort of work on the outside. Said company was engaged in constructing and erecting iron appliances. May 28, 1908, a foreman of plaintiff in error directed Pfeifer to go to a building under construction at Sixty-third street and Center avenue, in Chicago, Illinois, to finish some fire-escapes. One Petrowsky went with him as a helper. At the time the foreman of plaintiff in error gave the order above mentioned he gave to Pfeifer five or six chisels, which the latter put in a satchel, along with some other tools of his own. He worked on the fire-escape a day and a half before he was injured. On May 29, while at work on the second platform of the fire-escape, in compliance with the order of said foreman, a chisel which the latter had given him broke and a particle of steel from the tool flew into Pfeifer's eye and destroyed its sight. He testified that just before he was injured he took up a new chisel, which had never been used before the accident, and started to use it; that the very first stroke caused it to break about an inch or an inch and a half from the point, a piece of the broken steel flying into his eye. Petrowsky testified substantially to the same effect.

It is first urged that there is no evidence in the record showing that the accident was caused by a piece of steel from the broken chisel; that from the evidence it is just as consistent to presume that the piece of metal which injured the eye came from the fire-escape upon which Pfeifer was using the chisel. The jury found, in their answers to special interrogatories submitted to them by plaintiff in er-

.ror, that the particle of steel came from the chisel.  We think they were warranted in so finding from the evidence. The burden rested upon plaintiff in error to use reasonable care to furnish defendant in error with tools that were safe to do the work he was ordered to do.  The latter was under no primary obligation to test the safety and fitness of these tools, in the absence of notice that there was something wrong in that respect. *Illinois Central Railroad Co.* v. *Sanders,* 166 Ill. 270; *Chicago and Eastern Illinois Railroad Co.* v. *Hines,* 132 id. 161.

Counsel for plaintiff in error further argues that the court erred in admitting the testimony of an expert witness. This testimony was simply to the effect that when metal is properly welded it is so completely fused together as to leave no separation.  The evidence showed that immediately after the break the broken ends of the chisel showed a surface that was glassy, scaly or smooth in appearance. In answer to a hypothetical question setting out these facts, this witness testified that the break was caused by the forging work on the chisel not being properly done,—that it was a poor piece of workmanship.  The chisel was manufactured by plaintiff in error.  It is not contended that the witness was not properly qualified as an expert, but it is urged that the facts did not justify the admission of expert testimony as to what caused the chisel to break; that the question was one upon which the jurors could draw their own conclusions without expert aid.  We do not think the facts brought out by this testimony were of such character that they were within the knowledge of all men of common education and experience, and the expert witness' testimony was therefore admissible. *Yarber* v. *Chicago and Alton Railroad Co.* 235 Ill. 589; 12 Am. & Eng. Ency. of Law, (2d ed.) 422.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*